UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR MARTIN PRIETO,<br><br>Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>Defendants. | No.  1:25-cv-01765-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 1) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed December 18, 2025.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II.

## ALLEGATIONS OF COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names the California Department of Corrections and Rehabilitation (CDCR) as the sole Defendant.

In January 2022, during a routine maintenance check, the CDCR discovered that there was "suspicious activity" dating back to 2021.

In June 2022, it was discovered that someone without permission got into the system and it is possible that someone may have looked at Plaintiff's confidential records.  This is not the first time that Plaintiff has received such type of notice.

Plaintiff attaches a copy of a letter from Secretary Kathleen Allison, dated August 19, 2022, which states, relevant part:

2

In January 2022 during routine maintenance, CDCR discovered some suspicious activity on that system dating back to December 2021. CDCR immediately shut down that system. CDCR then began a multi-agency investigation into whether an unauthorized user had looked at or copied any of the information on the system before it was shut off. In late June, that investigation revealed someone without permission did get into the system. Fortunately, there is no sign that anyone copied your information.

Even though it appears no one copied your information, it is possible that someone may have looked at your information while in the system. Because of this CDCR must let you know this happened. We are doing this so you can do what you need to do to protect your information.

The information was limited to your name, CDCR number, mental health treatment, mental health history, and mental health diagnosis and did not contain any other information, such as Social Security number, Driver's License number, or financial account numbers which could be used by an identity thief. But we felt we had to let you know because your medical information was involved.

We take this matter very seriously and regret that this happened. We want to assure you that we have changed our procedures and practices to limit the risk this will happen again. That computer system is no longer being used. CDCR is using a new system with more security controls.

(ECF No. 1 at 5.)

## III.

## DISCUSSION

### A.    Exhaustion Administrative Remedies

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a condition precedent to filing a civil rights claim. Woodford v. Ngo, 548 U.S. 81, 93 (2006); see also McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citations omitted)). The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. Booth v.

3

Churner, 532 U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. Woodford, 548 U.S. at 93.  A prisoner need not plead or prove exhaustion. Instead, it is an affirmative defense that must be proved by defendant. Jones v. Bock, 549 U.S. 199, 211 (2007).  A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. Id. at 218.  However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

On the form complaint, Plaintiff acknowledges that he did not exhaust his administrative remedies prior to filing this case.  Specifically, under the section of the form complaint entitled "Administrative Remedies" Plaintiff checks the box "No" next to the question "Did you submit a request for administrative relief on Claim 1" and check the box "No" next to the question "Did you appeal your request on Claim 1 to the highest level?"  (ECF No. 1 at 3.)  Plaintiff further states, "This is a notice of data breach, I was unaware of the action I should take legal action [sic]. I have been notified of a settlement that I'm entitled."  (Id.)  Thus, based on the face of the complaint, Plaintiff has not exhausted the administrative remedies, and dismissal is warranted on this ground alone.  However, for the reasons explained below, Plaintiff's complaint also fails to state a cognizable claim for relief.

### B.    Eleventh Amendment

Plaintiff's claims against Defendants CDCR are barred by the Eleventh Amendment. The Eleventh Amendment bars any suit against a state or state agency absent a valid waiver or abrogation of its sovereign immunity. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 10 (1890). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999). A suit against CDCR is barred by the Eleventh Amendment. See Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009).  Plaintiff's state law claims against CDCR are also barred by Eleventh Amendment immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh

Amendment immunity applies to state law claims brought in federal court); Ashker v. Cal. Dep't. of Corrections, 112 F.3d 392, 394 (9th Cir. 1997) (noting suit against CDCR arising under state law would be barred by the Eleventh Amendment).  Accordingly, Plaintiff cannot bring a section 1983 claim against CDCR.

**C.     Data Breach**

Plaintiff fails to state a cognizable claim because he fails to show either that his medical records were compromised or that he suffered an injury in fact as a result of any "data breach." Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. " 'One element of the case-or-controversy requirement' is that plaintiff [ ] 'must establish that [he has] standing to sue.' " Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818(1997) ). To satisfy Article III standing, plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted) (internal quotation marks, brackets and ellipses omitted).

The fact that medical records are entitled to privacy protections, under state law or under federal law, does not, itself, provide for a private right of action under § 1983. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.") ).

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to

contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper, 133 S. Ct. at 1147 ("[A]n injury must be concrete, particularized, and actual or imminent." (Citation and internal quotation marks omitted.) ).

Here, the notification letter states that it appears no one copied Plaintiff's information, but it was unknown whether someone may have looked at Plaintiff's information while in the system. Thus, whether Plaintiff's medical and mental information was viewed is unknown, and Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information. Thus, his claim for violation of his constitutional right to informational privacy should be dismissed without prejudice for lack of standing. See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

**D.    Leave to Amend**

If the Court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

Because Plaintiff lacks standing and his allegations show only speculative injury, the complaint does not state a cognizable federal claim, and the Court lacks supplemental jurisdiction over any state law claims.  Thus, the Court finds that amendment would be futile and leave to amend is not warranted.

///

///

6

**IV.**

**ORDER AND RECOMMENDATION**

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 9, 2026**    _____

                                STANLEY A. BOONE
                                United States Magistrate Judge