**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HECTOR MARTIN PRIETO, | No. 1:25-cv-01765 JLT SAB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION |
| v. | |
| CDCR, et al., | (Doc. 11) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. He asserts claims concerning an alleged breach of a California Department of Corrections and Rehabilitation computer database that may have exposed Plaintiff's personal information.

The assigned magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and issued Findings and Recommendations recommending the action be dismissed for failure to state a cognizable claim for relief. (Doc. 11.) Plaintiff filed objections on February 23, 2026. (Doc. 12.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, including Plaintiff's objections and the cases cited therein, the Court concludes the Findings and Recommendations are supported by the record

and by proper analysis. Among other things, Plaintiff does not address the fact that the sole named Defendant, CDCR, is immune from a suit for damages under § 1983. (*See* Doc. 12 at 4–5.) In addition, Petitioner claims this case is like *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010), where a victim of a data breach was found to have standing based only upon the anxiety and stress the potential data exposure caused that victim. Here, however, the Prison Litigation Reform Act precludes Plaintiff from pursuing a similar theory of damages because "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e. Thus, Plaintiff lacks standing and it does not appear possible for him to amend the complaint to cure this defect.

Thus, the Court **ORDERS**:

1.     The Findings and Recommendations issued on February 10, 2026 (Doc. 11) are **ADOPTED** in full.

2.     This action is **DISMISSED** with prejudice for failure to state a cognizable claim upon which relief may be granted.

3.     The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **February 26, 2026**

UNITED STATES DISTRICT JUDGE

2